

1  JOHN BROSNAN
2  P.O. Box 21281
3  EL SOBRANTE, CA 94820
   510.350.6542
4  johnbrosnanlegal@gmail.com
   Pro Se
5
6
7
8
9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
11                  OAKLAND DIVISION
12
13
14  JOHN BROSNAN,                    Case No. CV 15-80108MISC WHA

15       Plaintiff,                  **COMPLAINT FOR DAMAGES**

16  Vs.                              **VIOLATION OF:**
17                                   **18 U.S.C. 241**
18  DEUTSCHE BANK NATIONAL TRUST     **18 U.S.C. 1341**
    COMPANY AS INDENTURE TRUSTEE,    **18 U.S.C. 1343**
19  CARRINGTON MORTGAGE SERVICES, LLC,  **Cal.Civ.Code § 1983**
    JOHN BOUZANE, BILL CURRAN, MICHAEL  **Cal.Civ.Code § 1986**
20  RODGERS, JUAN WADE, WS REAL ESTATE  **Cal.Civ.Code § 1988**
21  & INVESTMENTS, WILSON STEPHENS II,
22  US BEST REPAIR SERVICE, INC., DEAL
    AUTO CO, LLC, AND DOES 1-99       **DEMAND FOR JURY TRIAL**
23
24
25                  **NATURE OF ACTION**
26
27       1.   This action is brought seeking compensation for
28  plaintiff's personal property and vehicles which were disposed
29  of subsequent to an illegally obtained default judgment in an
30  Unlawful Detainer Action.
31       2.   Defendants, in violation of the laws of the United
32  States and the State of California illegally obtained a default
33  judgment by use of a false Proof of Service against Plaintiff

                            1

1   John Brosnan, gained access to Brosnan's real property and
2   illegally disposed of personal property and vehicles belonging
3   to Plaintiff John Brosnan.

4
5                              **PARTIES**
6
7       3.   Plaintiff John Brosnan ("Brosnan") was at all times
8   relevant to this complaint a California resident.
9       4.   Plaintiff is informed and believes that Deutsche Bank
10  National Trust Company ("DBNTC") is a national banking
11  association organized under the laws of the United States of
12  America to carry on the business of a limited purpose trust
13  company. DBNTC's main office and principal place of business is
14  located at 300 South Grand Avenue, Suite 3950, Los Angeles,
15  California 90071, and the principal site of its trust
16  administration is located at 1761 East St. Andrew Place, Santa
17  Ana, California 97025.
18      5.   Plaintiff is informed and believes that Carrington
19  Mortgage Services, LLC ("CMS") is a California Limited Liability
20  Company.
21      6.   Plaintiff is informed and believes that John Bouzane
22  ("Bouzane") was at all times relevant to this complaint a
23  California resident.
24      7.   Plaintiff is informed and believes that Bill Curran
25  ("Curran") was at all times relevant to this complaint a
26  California resident.
27      8.   Plaintiff is informed and believes that Michael
28  Rodgers ("Rodgers") was at all times relevant to this complaint
29  a California resident of Alameda County.
30      9.   Plaintiff is informed and believes that Juan Wade
31  ("Wade") was at all times relevant to this complaint a
32  California resident of Alameda County.
33      10.  Plaintiff is informed and believes that WS Real Estate

1  and Investments ("WSREI") was at all times relevant to this
2  complaint an Alameda County business entity.
3      **11.** Plaintiff is informed and believes that Wilson
4  Stephens II ("WS") was at all times relevant to this complaint a
5  California resident of Alameda County.
6      **12.** Plaintiff is informed and believes that US Best Repair
7  Services, Inc. ("USBRS") was at all times relevant to this
8  complaint a California Corporation.
9      **13.** Plaintiff is informed and believes that Deal Auto
10 Company, LLC ("DAC") was at all times relevant to this complaint
11 a California Limited Liability Company.
12
13              **JURISDICTION AND VENUE**
14
15     **14.** This Court has original jurisdiction of the causes of
16 action herein, which are brought under 18 U.S.C. §241, 18 U.S.C.
17 §1341 and 18 U.S.C §1343.
18     **15.** The unlawful actions of the defendants were committed
19 in the State of California and in the judicial district of this
20 Court.
21
22              **FACTUAL ALLEGATIONS**
23
24     **16.** At all times relevant, Brosnan was the only person
25 residing a house located at 2313 Greenridge Drive in Richmond,
26 CA ("Property").
27
28                  **THE SCHEME**
29
30     **17.** DBNTC acquired numerous properties at foreclosure
31 sales.
32     **18.** DBNTC quickly wanted access to the properties that
33 DBNTC had acquired at foreclosure.

19.   DBNTC did not want to wait to comply with all applicable laws if DBNTC believed that DBNTC could get away with violating the rights of people.

20.   DBNTC put together a diverse group a co-conspirators who were willing to violate the law to help DBNTC achieve its desired goal of gaining access to properties as quickly as possible by breaking whatever rules they felt they could get away with ("Scheme").

21.   To make the Scheme work, defendants conspired to violate Brosnan's rights by a well orchestrated series of steps; (Step 1) File an Unlawful Detainer action ("UD"), (Step 2) create a false Proof of Service ("POS") and file said false POS to obtain a Default Judgment in the UD, (Step 3) use the Default Judgment to obtain a Writ of Possession, (Step 4) use the Writ of Possession to get the Sherriff to post a Notice to Vacate, (Step 5) Gain access to the Property, (Step 6) illegally dispose of Brosnan's personal property in order to deprive Brosnan of assets with which to attack the illegal actions of defendants.

22.   As the following paragraphs will show, the Scheme played out just the way defendants intended.

23.   Brosnan was harmed and suffered economic losses as a direct result of defendants' participation in the Scheme.

24.   Brosnan continues to be injured by the loss of his personal property and vehicles.

## THE SCHEME IN ACTION

25.   On July 16, 2008, Bouzane, an attorney, on behalf of DBNTC filed an Unlawful Detainer Action against Heather Woodhull and All Unknown Occupants of the Property in case styled Deutsche Bank National Trust Company v. Woodhull, in the Superior Court of California, County of Contra Costa in Richmond, in case number RS08-1258 ("UD").

1   **26.**   Brosnan was the only party residing at the Property at
2   all times relevant to this complaint.

3   **27.**   On August 6, 2008, Bouzane filed a POS in the UD.

4   **28.**   The POS purports that the UD was served by Bill Curran
5   ("Curran"), a California Registered Process Server with an
6   address of PO BOX 1041 in the city of Colton in California.

7   **29.**   According to the POS, Curran made three attempts to
8   serve the UD, and was successful on the third attempt on July
9   18, 2008 at 7:43 AM by substitute service on a white female.

10   **30.**   No female was living at the Property.

11   **31.**   Brosnan was the only resident of the Property.

12   **32.**   Curran states in the POS that he billed $60 for the
13   service of the UD.

14   **33.**   According to Google maps Colton, California, is 436.6
15   miles from the Property and is 6 hour and 37 minute drive.  A
16   Colton to Richmond round trip is 873.2 miles taking 13 hours and
17   14 minutes to drive.

18   **34.**   According to the POS, Curran purports to have
19   travelled to the Property, made three attempts to serve a UD and
20   then charged a fee of $60.

21   **35.**   According to court records in San Bernardino County,
22   Curran purports to have served parties in San Bernardino County
23   during the times he was attempting to serve Brosnan.

24   **36.**   According to court records in Los Angeles County,
25   Curran purports to have served parties in Los Angeles County
26   during the times he was attempting to serve Brosnan.

27   **37.**   The POS is a fabrication.

28   **38.**   Defendants are aware the POS is false.

29   **39.**   The POS was falsified in order to obtain a default
30   judgment in the UD.

31   **40.**   The Defendants conspired to create the false POS in
32   order to secure a Default Judgment in the UD.

33   **41.**   Defendants knew that the False POS would harm Brosnan.

1     **42.**   On August 6, 2008, Bouzane, on behalf of DBNTC

2   obtained a Default Judgment in the UD.

3     **43.**   On February 26, 2010, the court in the UD, issued in

4   favor of DBNTC, a writ of Possession regarding the Property.

5     **44.**   On or about March 1, 2010, the Sherriff's Office

6   posted a Notice to Vacate at the Property ordering Brosnan to

7   vacate the Property by March 16, 2010 at 6:01 AM.

8     **45.**   Brosnan was unable to remove all his personal property

9   from the Property by March 16, 2010 at 6:01 AM.

10   **46.**   Personal property and vehicles belonging to Brosnan

11   remained at the Property.

12   **47.**   CMS on behalf of DBNTC chose WSREI, Stephens, Rodgers

13   and Wade to handle the actual removal of Brosnan's personal

14   property from the Property.

15   **48.**   On or about July 15, 2010, CMS contracted with USBRS

16   to remove Brosnan's personal property from the Property.

17   **49.**   USBRS hired WSREI, Stephens and Wade to effectuate the

18   removal Brosnan's personal property from the Property.

19   **50.**   CMS caused Brosnan's Vehicles at the Property to be

20   removed.

21   **51.**   CMS hired Rodgers to effectuate the removal of

22   Brosnan's vehicles from the Property.

23   **52.**   Rodgers hired DAC to remove Brosnan's vehicles from

24   the Property.

25   **53.**   Beginning on July 18, 2010, DAC removed Brosnan's

26   vehicles from the Property and sold them at auction.

27   **54.**   On July 19, 2010, Wade opened the Property, posted a

28   sign reading "FREE" and gave away Brosnan's personal property to

29   any comers.

30   **55.**   California Civil Code § 1983(a) states:

31          (a) Where personal property remains on the

32         premises after a tenancy has terminated and the
premises have been vacated by the tenant, the landlord

33         shall give written notice to the tenant and to any

other person the landlord reasonably believes to be
the owner of the property. If the property consists of
records, the tenant shall be presumed to be the owner
of the records for the purposes of this chapter.

56.   Defendants did not comply with California Civil Code §
1983(a).

57.   Defendants conspired to violate California Civil Code
§ 1983(a).

58.   California Civil Code § 1983(b) states:

(b) The notice shall describe the property in a
manner reasonably adequate to permit the owner of the
property to identify it. The notice may describe all
or a portion of the property, but the limitation of
liability provided by Section 1989 does not protect
the landlord from any liability arising from the
disposition of property not described in the notice
except that a trunk, valise, box, or other container
which is locked, fastened, or tied in a manner which
deters immediate access to its contents may be
described as such without describing its contents. The
notice shall advise the person to be notified that
reasonable costs of storage may be charged before the
property is returned, where the property may be
claimed, and the date before which the claim must be
made. The date specified in the notice shall be a date
not less than 15 days after the notice is personally
delivered or, if mailed, not less than 18 days after
the notice is deposited in the mail.

59.   Defendants did not comply with California Civil Code §
1983(b).

60.   Defendants conspired to violate California Civil Code
§ 1983(b).

61.   California Civil Code § 1983(c) states:

(c) The notice shall be personally delivered to
the person to be notified or sent by first-class mail,
postage prepaid, to the person to be notified at his
or her last known address and, if there is reason to
believe that the notice sent to that address will not
be received by that person, also to any other address
known to the landlord where the person may reasonably
be expected to receive the notice. If the notice is

sent by mail to the former tenant, one copy shall be
sent to the premises vacated by the tenant. If the
former tenant provided the landlord with the tenant's
email address, the landlord may also send the notice
by email.

62.   Defendants did not comply with California Civil Code §
1983(b).

63.   Defendants conspired to violate California Civil Code
§ 1983(b).

64.   California Civil Code § 1986 states:

The personal property described in the notice
shall either be left on the vacated premises or be
stored by the landlord in a place of safekeeping until
the landlord either releases the property pursuant to
Section 1987 or disposes of the property pursuant to
Section 1988. The landlord shall exercise reasonable
care in storing the property, but he is not liable to
the tenant or any other owner for any loss not caused
by his deliberate or negligent act.

65.   Defendants did not comply with California Civil Code §
1986.

66.   Defendants conspired to violate California Civil Code
§ 1986.

67.   California Civil Code § 1988(a) states:

(a) If the personal property described in the
notice is not released pursuant to Section 1987, it
shall be sold at public sale by competitive bidding.
However, if the landlord reasonably believes that the
total resale value of the property not released is
less than seven hundred dollars ($700), the landlord
may retain the property for his or her own use or
dispose of it in any manner. Nothing in this section
shall be construed to preclude the landlord or tenant
from bidding on the property at the public sale.

68.   The value of Brosnan's personal property remaining at
the Property exceeded $700.

69.   Defendants did not comply with California Civil Code §
1988.

70.   Defendants conspired to violate California Civil Code

§ 1988.

71.   California Civil Code § 1988(b) states:

(b) Notice of the time and place of the public
sale shall be given by publication pursuant to Section
6066 of the Government Code in a newspaper of general
circulation published in the county where the sale is
to be held. The last publication shall be not less
than five days before the sale is to be held. The
notice of the sale shall not be published before the
last of the dates specified for taking possession of
the property in any notice given pursuant to Section
1983. The notice of the sale shall describe the
property to be sold in a manner reasonably adequate to
permit the owner of the property to identify it. The
notice may describe all or a portion of the property,
but the limitation of liability provided by Section
1989 does not protect the landlord from any liability
arising from the disposition of property not described
in the notice, except that a trunk, valise, box, or
other container which is locked, fastened, or tied in
a manner which deters immediate access to its contents
may be described as such without describing its
contents.

72.   Defendants did not comply with California Civil Code §
1988(b).

73.   Defendants conspired to violate California Civil Code
§ 1988(b).

74.   California Civil Code § 1988(c) states:

After deduction of the costs of storage,
advertising, and sale, any balance of the proceeds of
the sale which is not claimed by the former tenant or
an owner other than such tenant shall be paid into the
treasury of the county in which the sale took place
not later than 30 days after the date of sale. The
former tenant or other owner may claim the balance
within one year from the date of payment to the county
by making application to the county treasurer or other
official designated by the county. If the county pays

the balance or any part thereof to a claimant, neither the county nor any officer or employee thereof is liable to any other claimant as to the amount paid.

75. Defendants did not comply with California Civil Code § 1988(c).

76. Defendants conspired to violate California Civil Code § 1988(c).

77. Defendants were aware that the POS was false.

78. Defendants were aware that the entry into the Property was illegal.

79. Defendants were fully aware that the Notice to Vacate was fraudulently obtained.

80. Defendants were fully aware that entry onto the Property constituted trespass.

81. Defendants were aware of their duty pursuant to California Civil Code § 1983.

82. Defendants were aware of their duty pursuant to California Civil Code § 1986.

83. Defendants were aware of their duty pursuant to California Civil Code § 1988.

84. Defendants violated California Civil Code § 1983.

85. Defendants violated California Civil Code §§ 1986.

86. Defendants violated California Civil Code § 1988.

87. Defendants knew their violation of California Civil Code §§ 1983 would harm Brosnan.

88. Defendants knew their violation of California Civil Code §§ 1986 would harm Brosnan.

89. Defendants knew their violation of California Civil Code §§ 1988 would harm Brosnan.

90. Defendants intentionally harmed Brosnan as part of the Scheme.

91. Defendants conspired to harm Brosnan as part of the Scheme.

## FIRST CAUSE OF ACTION

### CONSPIRACY

### 18 U.S.C. § 241

### CONSPIRACY AGAINST RIGHTS

### ALL DEFENDANTS

92. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

93. 18 U.S.C. § 241, states in part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same;

94. The defendants compose a cast of persons who conspired to injure Brosnan.

95. Defendants conspired to use the POS to obtain a Default Judgment the to obtain a Writ of Possession in order to oust Brosnan from the Property via a Notice to Vacate.

96. Defendants conspired to use the POS illegally dispose of Brosnan's personal property and vehicles.

97. Defendants illegally disposed of Brosnan's personal property and vehicles.

98. The conspiracy of defendants injured Brosnan.

99. The conspiracy of defendants continues to injure Brosnan.

100. As a direct result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

101. Plaintiff furthermore seeks his attorney fees and costs against the defendants.

//

## SECOND CAUSE OF ACTION

### MAIL FRAUD

### 18 U.S.C. § 1341

### ALL DEFENDANTS

### FALSE PROOF OF SERVICE

**102.** Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

**103.** 18 U.S.C. 1341 states:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

12

104. The false POS was mailed to the court utilizing the United States Postal Service ("USPS").

105. The false POS was used to obtain a Default Judgment in the UD, then a Writ of Possession and ultimately the Property via the Notice to Vacate.

106. It's axiomatic that the use of the USPS to mail the false POS to the court is an example of fraud designed for obtaining money or property by means of false or fraudulent pretenses, representations.

107. Defendants conspired to injure Brosnan in direct violation of 18 U.S.C. § 1341.

108. As a result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

109. Plaintiff furthermore seeks his attorney fees and costs against the defendants.

<div align="center">

**THIRD CAUSE OF ACTION**

**WIRE FRAUD**

**18 U.S.C. § 1343**

**ALL DEFENDANTS**

**THE SCHEME**

</div>

110. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

111. 18 U.S.C. 1341 states:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or

artifice, shall be fined under this title or
imprisoned not more than 20 years, or both. If the
violation occurs in relation to, or involving any
benefit authorized, transported, transmitted,
transferred, disbursed, or paid in connection with, a
presidentially declared major disaster or emergency
(as those terms are defined in section 102 of the
Robert T. Stafford Disaster Relief and Emergency
Assistance Act (42 U.S.C. 5122)), or affects a
financial institution, such person shall be fined not
more than $1,000,000 or imprisoned not more than 30
years, or both.

**112.** In order to execute their Scheme, Defendants used
emails that crossed state lines.

**113.** Said emails were used to effectuate the Scheme and
harm Brosnan.

**114.** The Court in the UD had caused to be published upon
their website the fact that a Default judgment was obtained
against Brosnan.

**115.** Defendants' conduct has caused Brosnan to sustain
economic damages in an amount to be determined at trial.

**116.** Plaintiff furthermore seeks his attorney fees and
costs against the defendants.

### FOURTH CAUSE OF ACTION

**MAIL FRAUD**

**FRAUD AND SWINDLES**

**18 U.S.C. § 1341**

**ALL DEFENDANTS**

**NOTICE TO VACATE**

**117.** Plaintiff refers to the allegations of the preceding
paragraphs of this complaint, and incorporates the same herein
by this reference as though set forth in full.

**118.** 18 U.S.C. 1341 states:

Whoever, having devised or intending to devise

any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

**119.** Defendants used the USPS to obtain and deliver the Notice to Vacate.

**120.** Defendants knew the use of the Notice to Vacate would harm Brosnan.

**121.** As a result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

**122.** Plaintiff furthermore seeks his attorney fees and costs against the defendants.

**FIFTH CAUSE OF ACTION**

**WIRE FRAUD**

**18 U.S.C. § 1343**

**ALL DEFENDANTS**

**NOTICE TO VACATE**

**123.** Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

**124.** 18 U.S.C. 1341 states:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

**125.** In order to execute their Scheme involving the Notice to Vacate, Defendants used emails that crossed state lines.

**126.** Said emails were used to effectuate the Scheme and harm Brosnan.

**127.** As a result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

**128.** Plaintiff furthermore seeks his attorney fees and costs against the defendants.

## SIXTH CAUSE OF ACTION

### FRAUDULENT EVICTION

### ALL DEFENDANTS

129. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

130. Defendants conspired and did use the false POS to obtain a Default Judgment against Brosnan and ultimately possession of the Property.

131. Brosnan has been injured by defendants' use of the false POS.

132. Brosnan continues to be injured by defendants' actions.

133. As a result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

134. Plaintiff furthermore seeks his attorney fees and costs against the defendants.

## SEVENTH CAUSE OF ACTION

### FRAUDULENT NOTICE TO VACATE

### ALL DEFENDANTS

135. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

136. Defendants used the false POS to obtain the Notice to Vacate.

137. Brosnan has been injured by defendants' use of the Notice to Vacate.

138. Brosnan continues to be injured by defendants' actions.

139. As a result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

140. Plaintiff furthermore seeks his attorney fees and costs against the defendants.

## EIGHTH CAUSE OF ACTION
### PERSONAL INJURY
### ALL DEFENDANTS

141. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

142. Defendants conspired and did use the false POS to obtain a Notice to Vacate.

143. Defendants conspired and did give away Brosnan's personal property in violation of existing laws.

144. Brosnan has been injured by the loss of his personal property.

145. Brosnan continues to be injured by the loss of his personal property.

146. As a result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

147. Plaintiff furthermore seeks his attorney fees and costs against the defendants.

## NINTH CAUSE OF ACTION
### TRESPASS
### ALL DEFENDANTS

148. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein

1   by this reference as though set forth in full.

2       **149.** Defendants trespassed upon the Property via the

3   fraudulent use of the false POS. Said access was fraudulently

4   obtained.

5       **150.** Brosnan was and continues to be injured by said

6   illegal trespass upon the Property.

7       **151.** As a result of Defendants' conduct, Brosnan has

8   sustained economic damages in an amount to be determined at

9   trial.

10       **152.** Plaintiff furthermore seeks his attorney fees and

11   costs against the defendants.

12

13                 **TENTH CAUSE OF ACTION**

14       **VIOLATION OF CALIFORNIA CIVIL CODE § 1983**

15                   **ALL DEFENDANTS**

16

17       **153.** Plaintiff refers to the allegations of the preceding

18   paragraphs of this complaint, and incorporates the same herein

19   by this reference as though set forth in full.

20       **154.** California Civil Code § 1983 required defendants to

21   prepare an inventory ("Inventory") of Brosnan's personal

22   property at the Property and then communicate the Inventory to

23   Brosnan and allow Brosnan to recover his property.

24       **155.** Defendants conspired to violate and did violate

25   California Civil Code § 1983.

26       **156.** Brosnan was and continues to be injured by defendants'

27   violation of California Civil Code § 1983.

28       **157.** As a result of Defendants' conduct, Brosnan has

29   sustained economic damages in an amount to be determined at

30   trial.

31       **158.** Plaintiff furthermore seeks his attorney fees and

32   costs against the defendants.

33

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CIVIL CODE § 1986**

**ALL DEFENDANTS**

159. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

160. California Civil Code § 1986 required defendants to safeguard Brosnan's personal property left at the Property. Defendants did not safeguard Brosnan's personal property.

161. Defendants' violated California Civil Code § 1986.

162. Brosnan was and continues to be injured by defendants' violation of California Civil Code § 1986.

163. As a result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

164. Plaintiff furthermore seeks his attorney fees and costs against the defendants.

**TWELVETH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CIVIL CODE § 1988**

**ALL DEFENDANTS**

165. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

166. California Civil Code § 1988 required defendants to hold a public sale of Brosnan's personal property remaining at the Property, defendants did not.

167. Defendants posted a sign at the Property that stated "FREE" and gave away all of Brosnan's personal property to all comers.

168. As a result of Defendants' conduct, Brosnan has

1   sustained economic damages in an amount to be determined at
2   trial.
3       169. Brosnan was and continues to be injured due to
4   defendants' illegal activities.
5       170. Plaintiff furthermore seeks his attorney fees and
6   costs against the defendants.
7
8                   **THIRTEENTH CAUSE OF ACTION**
9                   **LOSS OF USE OF REAL PROPERTY**
10                       **ALL DEFENDANTS**
11
12      171. Plaintiff refers to the allegations of the preceding
13   paragraphs of this complaint, and incorporates the same herein
14   by this reference as though set forth in full.
15      172. Due to the illegal actions of defendants' use of the
16   false POS Brosnan lost the use of the Property.
17      173. Brosnan was and continues to be injured due to
18   defendants' illegal activities.
19      174. As a result of Defendants' conduct, Brosnan has
20   sustained economic damages in an amount to be determined at
21   trial.
22      175. Plaintiff furthermore seeks his attorney fees and
23   costs against the defendants.
24
25                   **FOURTEENTH CAUSE OF ACTION**
26                 **LOSS OF USE OF PERSONAL PROPERTY**
27                       **ALL DEFENDANTS**
28
29      176. Plaintiff refers to the allegations of the preceding
30   paragraphs of this complaint, and incorporates the same herein
31   by this reference as though set forth in full.
32      177. Due to the actions of defendants' use of the false POS
33   Brosnan lost the use of his personal property.

178. Brosnan was and continues to be injured due to defendants' illegal activities.

179. As a result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

180. Plaintiff furthermore seeks his attorney fees and costs against the defendants.

### FIFTEENTH CAUSE OF ACTION
#### LOSS OF PROPERTY
#### ALL DEFENDANTS

181. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

182. Due to the actions of defendants' use of the false POS Brosnan lost his personal property.

183. Brosnan was and continues to be injured due to defendants' illegal activities.

184. As a result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

185. Plaintiff furthermore seeks his attorney fees and costs against the defendants.

### SIXTEENTH CAUSE OF ACTION
#### ILLEGAL CONVERSION
#### ALL DEFENDANTS

186. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

187. Due to the actions of defendants' use of the false POS

1   Brosnan's personal property was illegally converted to the use
2   of another.

3       **188.** Brosnan was and continues to be injured due to
4   defendants' illegal activities.

5       **189.** As a result of Defendants' conduct, Brosnan has
6   sustained economic damages in an amount to be determined at
7   trial.

8       **190.** Plaintiff furthermore seeks his attorney fees and
9   costs against the defendants.

10

11   <center>**SEVENTEENTH CAUSE OF ACTION**</center>
12   <center>**SLANDER**</center>
13   <center>**ALL DEFENDANTS**</center>

14

15       **191.** Plaintiff refers to the allegations of the preceding
16   paragraphs of this complaint, and incorporates the same herein
17   by this reference as though set forth in full.

18       **192.** Due to the actions of defendants' use of the false POS
19   a Default Judgment against Brosnan was entered in the UD.  Said
20   Default Judgment has been published by the court and reported to
21   Credit Reporting Agencies.

22       **193.** Brosnan was and continues to be injured due to
23   defendants' illegal activities.

24       **194.** As a result of Defendants' conduct, Brosnan has
25   sustained economic damages in an amount to be determined at
26   trial.

27       **195.** Plaintiff furthermore seeks his attorney fees and
28   costs against the defendants.

29   //
30   //
31   //
32   //
33   //

**EIGHTEENTH CAUSE OF ACTION**

**SLANDER OF CREDIT**

**ALL DEFENDANTS**

196. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

197. Due to the actions of defendants' use of the false POS a Default Judgment against Brosnan was entered in the UD.  Said Default Judgment has been published by the court and reported to Credit Reporting Agencies.

198. Brosnan was and continues to be injured due to defendants' illegal activities.

199. As a result of Defendants' conduct, Brosnan has sustained economic damages in an amount to be determined at trial.

200. Plaintiff furthermore seeks his attorney fees and costs against the defendants.

**NINETEENTH CAUSE OF ACTION**

**LIBEL OF CREDIT**

**ALL DEFENDANTS**

201. Plaintiff refers to the allegations of the preceding paragraphs of this complaint, and incorporates the same herein by this reference as though set forth in full.

202. Due to defendants' use of the false POS a Default Judgment against Brosnan was entered in the UD.  Said Default Judgment has been published by the court and reported to Credit Reporting Agencies.

203. Brosnan was and continues to be injured due to defendants' illegal activities.

204. As a result of Defendants' conduct, Brosnan has

1  sustained economic damages in an amount to be determined at
2  trial.
3      205. Plaintiff furthermore seeks his attorney fees and
4  costs against the defendants.
5
6                    **TWENTIETH CAUSE OF ACTION**
7                       **PUNITIVE DAMAGES**
8
9      206. Plaintiff refers to the allegations of the preceding
10 paragraphs of this complaint, and incorporates the same herein
11 by this reference as though set forth in full.
12     207. Defendants' intentionally harmed Brosnan.
13     208. Brosnan was and continues to be injured due to
14 defendants' intentional illegal activities.
15     209. As a result of Defendants' conduct, Brosnan has
16 sustained economic damages in an amount to be determined at
17 trial.
18     210. Brosnan seeks punitive damages against defendants.
19     211. Plaintiff furthermore seeks his attorney fees and
20 costs against the defendants.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //
29 //
30 //
31 //
32 //
33 //

1    **WHEREFORE, Plaintiff prays judgment against the defendants**
2    and each of them as follows:
3         1.    For actual monetary damages according to proof;
4         2.    For Loss of Use of Real Property damages;
5         3.    For Loss of Use of Personal Property damages;
6         4.    For return of the Property,
7         5.    For loss of vehicles;
8         6.    For loss of use of vehicles;
9         7.    For punitive damages, joint and several against
10        all defendants in the amount of $10,000,000.00;
11        8.    For an award of reasonable attorneys' fees and
12        costs according to proof;
13        9.    For costs of suit; and
14        10.   For such other and further relief as this Court
15        deems just and proper.
16
17   DATED: March 26, 2015    _____
18                            John Brosnan — Pro Per
19
20
21
22                    **DEMAND FOR JURY TRIAL**
23        Plaintiff hereby demands a jury trial in the above-entitled
24   matter.
25
26   DATED: March 26, 2015    _____
27                            John Brosnan — Pro Per
28
29
30
31
32
33

26